UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STEPHEN C. ELDRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:06-CV-85 |
| | ) | (GREER/GUYTON) |
| ALLIANZ LIFE INSURANCE COMPANY | ) | |
| OF NORTH AMERICA, WALNUT STREET | ) | |
| SECURITIES, AND IRA STITZ | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for disposition of the following motions: Plaintiff's Motion for Permission to Modify/Amend the Complaint [Doc. 41], filed on December 12, 2006, ("Plaintiff's Second Motion to Amend" and Plaintiff's Motion for Permission to Modify/Amend the Complaint [Doc. 46], filed on December 22, 2006 (Plaintiff's Third Motion to Amend").

Plaintiff's Second Motion to Amend asks the court for permission to file an amended complaint. [Doc. 41]. Without ruling on the merits of Plaintiff's Motion, this Court **DENIES as moot** Plaintiff's Second Motion to Amend [Doc. 41], as the Plaintiff has filed a Third Motion to Amend [Doc. 46].

Plaintiff's Third Motion to Amend asks the court for permission to file an amended complaint. [Doc. 46]. In support of his Motion, Plaintiff, a pro se litigant, states that leave to amend should be freely granted in the interest of justice. Defendants Allianz Life Insurance Company of

North America have not responded to Plaintiff's Motion.[1] Defendants Walnut Street Securities and Ira Stitz (collectively "Walnut Street") responded [Doc. 56] on January 12, 2007. Walnut Street argues Plaintiff's Motion should be denied because: (1) it is improper to file an amended complaint while dispositive motions are pending; (2) it fails to offer or establish the "good cause" necessary to justify modification of the Court's Scheduling Order under Rule 16(b) of the Federal Rules of Civil Procedure; and (3) amendment would be futile under Federal Rule of Civil Procedure 15(a). Plaintiff replied [Doc. 59] to Walnut Street's response, arguing that good cause exists for filing the Amended Complaint [Doc. 46-2] and that the changes to the Complaint are clerical, not substantive, in nature.

I.  Rule 15(a)

Rule 15(a) of the Federal Rules of Civil Procedures explicitly states that leave to amend a pleading should be "[f]reely given when justice so requires." The Supreme Court has construed Rule 15(a) to mean that:

> [i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962); Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir. 1999) (utilizing the Supreme Court's interpretation of Rule 15(a) in Foman to decide whether a proposed amendment should be allowed). Additionally, this Court must apply "less stringent standards" when

---

[1] Though Allianz Life Insurance Company of North America did not actually respond to Plaintiff's Third Motion to Amend, Allianz's Response to Plaintiff's Second Motion to Amend [Doc. 45] was incorporated by reference into Walnut Street's Response to Plaintiff's Third Motion to Amend. [Doc. 56, n.2]

evaluating whether a pro se pleading states a claim for which relief can be granted. Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Wolfel v. United States, 711 F.2d 66, 67 (6th Cir. 1983) (noting that pro se litigants should be accorded a measure of leniency to assure "[t]hat meritorious claims will not be dismissed for inartful draftsmanship"). Accordingly, leave to amend a complaint is to be "freely given" under Rule 15(a), and pro se litigants must be given deference.

II. Scheduling Order

Defendants correctly note that the Scheduling Order requires all amended complaints to be filed by October 20, 2006. [Doc. 27, ¶ 5(b)]. This Court does not take a breach of the Scheduling Order lightly. However, "to deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" Duggins v. Steak 'n Shake, 195 F.3d 828, 834 (6th Cir. 1999) (quoting Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986)). Defendants have not cited to a "significant showing of prejudice." Delay, alone, is not enough to bar amending a complaint if the non-movant is not prejudiced. Id.

The discovery cut-off date, February 23, 2007, has not passed.[2] [Doc. 27, ¶ 7]. Moreover, dispositive motions are not due until March 30, 2007, and the trial is set for August 28, 2007. This Court finds that no party has shown that it would be significantly prejudiced by allowing Plaintiff to amend his Complaint.

III. Dispositive Motions Pending

---

[2]"At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree." Duggins, 195 F.3d at 834.

3

As to Defendants' third argument, the Court is unpersuaded. Defendants correctly note that motions for summary judgment are pending [Docs. 31, 37]. Recently, the Sixth Circuit concurred with a District Court's grant of a plaintiff's motion to amend a complaint while a motion to dismiss was pending. See Brainard v. Am. Skandia Life Ins. Corp., 432 F.3d 655, 660 (6th Cir. 2005). Therefore, this Court finds that a plaintiff may amend his complaint while a dispositive motion is pending.

For the reasons outlined above, this Court **GRANTS** Plaintiff's Third Motion to Amend [Doc. 46]. Accordingly, it is ordered that:

(1) Plaintiff's Second Motion to Amend [Doc. 41] is **DENIED as moot**;

(2) Plaintiff's Third Motion to Amend [Doc. 46] is **GRANTED**; and

(3) Plaintiff's Third Amended Complaint [Doc. 46-2] be filed.

**IT IS SO ORDERED.**

       **ENTER:**

        s/ H. Bruce Guyton
       United States Magistrate Judge