IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| IRA-SEP FOR THE BENEFIT OF STEPHEN C. ELDRIDGE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 2:06-CV-85 |
| | ) ) | |
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

When this civil action was reassigned to this court, the existing scheduling order [doc. 27] reflected that this case would be tried to a jury. Because this fact conflicted with the record, the court required the parties to state their positions concerning whether or not this is a jury or nonjury case [doc. 97]. The parties have timely responded to the court's directive [docs. 98, 99, 100].

Defendants point out that they have not requested a jury nor has plaintiff made a jury demand in any of his submissions to the court. They conclude that under Federal Rule of Civil Procedure 38(d) plaintiff has waived a trial by jury. Plaintiff contends that he relied on the scheduling order that indicates the case is set for a jury trial, and, therefore, he did not make a jury demand in his amended complaint.

Fed. R. Civ. P. 38(d) provides that "[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." Fed. R. Civ. P. 38(d). "Such a waiver is complete and binding even though it may have been inadvertent and unintended." *Cook v. Cleveland State Univ.*, 13 F.App'x 320, 322 (6th Cir. 2001) (citations omitted). Although plaintiff has waived his right to a jury trial, Rule 39(b) affords relief from that waiver. Fed. R. Civ. P. 39(b); *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986). Fed. R. Civ. 39(b) states in pertinent part:

>notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

Fed. R. Civ. P. 39(b).

"'A district court has broad discretion in ruling on a Rule 39(b) motion.' Moreover, the court's discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary." *Moody v. Pepsi-Cola Metro. Bottling Co., Inc.*, 915 F.2d 201, 207 (6th Cir. 1990) (quoting *Kitchen v. Chippewa Valley Sch.*, 825 F.2d 1004, 1013 (6th Cir. 1987)). "[I]n order to invoke the court's discretion under the rule, a party who has waived a jury trial by failing to make a timely demand must file a motion, or some similar manifestation of that party's desire to have a jury trial." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2334 (2d ed. 1995).

In his response to the court's order, plaintiff states:

> Plaintiff could have moved to include the request for a jury trial in an amended Complaint prior to October 20, 2006 or take[n] other necessary action, but did not believe such amended Complaint or action was necessary, due to the Order's clear direction – *Plaintiff would now make such a motion or take other necessary action* if the new Scheduling Order denied a jury trial.

Doc. 100 (emphasis added). The court will consider this expression by plaintiff as a motion made pursuant to Rule 39(b). After considering the circumstances in this case, the court finds no strong or compelling reason to deny plaintiff a trial by jury. This case has been reset for trial on January 14, 2008. Because the parties will have ample time to prepare this case for a jury trial, there is no prejudice to the defendants on that basis. Therefore, the court will grant plaintiff's motion and allow him to have a trial by jury.

Accordingly, it is **ORDERED** that "Plaintiff's Report That This Should be a Jury Case" [doc.100] is considered as a motion brought pursuant to Fed. R. Civ. P. 39(b). That motion is **GRANTED**. This case will be set for a **JURY TRIAL**.

**IT IS SO ORDERED**.

ENTER:

        s/ Leon Jordan
United States District Judge