IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| IRA-SEP FOR THE BENEFIT OF STEPHEN C. ELDRIDGE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:06-CV-85 |
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of the "Motion to Dismiss" filed by defendant, Allianz Life Insurance Company of North America ("Allianz"), [doc. 31]. Plaintiff has responded [doc. 34], and Allianz has submitted a reply [doc. 35].[1] In addition, because plaintiff has been allowed to file his third amended complaint, Allianz has moved to amend its motion to dismiss [doc. 77] stating that the pending motion to dismiss is equally applicable to the third amended and restated complaint [doc. 72]. Plaintiff has filed a response in opposition to the motion to amend [doc. 83].

---

[1] After Allianz filed its reply brief, plaintiff filed a "Response to Defendant's Reply to Defendant's Motion to Dismiss Plaintiff's Claim for Treble Damages" [doc. 36] and "Supplemental Response to Defendant Allianz's Motion to Dismiss Plaintiff's Claim for Treble Damages" [doc. 42]. However, these pleadings were filed without permission and in violation of Local Rule 7.1(d), and the court will not consider them. In any event, they appear to be repetitious of plaintiff's original response [doc. 34].

I.

*Background* [2]

In March 2003, plaintiff had a telephone conference call with Allianz and defendant Ira Stitz regarding purchase of an annuity contract. Plaintiff initially rejected the contract because a significant provision, the "high water mark," i.e. the highest value of the annuity on any of the annuity's annual anniversary dates, was not payable in a lump sum at the end of the contract's initial ten year period but over the following ten years at an interest rate of 2%. Plaintiff offered that if the contract would allow him to invest the "high water mark" in mutual funds earning mutual fund rates he would be interested in purchasing the contract. According to plaintiff, Allianz told him he could do just that.

Relying on Allianz's representation, plaintiff purchased the annuity contract effective approximately April 2, 2003. Paragraph two of the third amended complaint states:

> A few months after Plaintiff purchased the contract, Plaintiff discovered that Defendant's critical representation was false - i.e., Plaintiff's only contractual option regarding the "high water mark" was to take the 10 year annuity yielding only 2%.

Plaintiff filed this lawsuit on March 31, 2006, in which he sought multiple claims including a claim for treble damages under the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-109(a)(3).

---

[2] The facts recited are taken from the third amended and restated complaint [doc. 72].

II.

*Standard of Review*

Allianz's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). "Motions to dismiss under Rule 12(b)(6) are designed to test 'whether a cognizable claim has been pleaded in the complaint.'" *Fed. Express Corp. v. U.S. Postal Serv.*, 40 F. Supp. 2d 943, 947 (W.D.Tenn. 1999) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). When reviewing a motion for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations in the complaint as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)).

III.

*Analysis*

The court intends to grant Allianz's motion to amend its motion to dismiss. Therefore, the court's opinion will be developed and based on whether the claim for treble damages under the TCPA contained in the third amended and restated complaint should be dismissed.

Allianz has moved to dismiss plaintiff's claim for treble damages brought under the TCPA, Tenn. Code Ann. § 47-18-109(a)(3). Allianz contends that the claim is barred by

the one year statute of limitations applicable to such claims. Tenn. Code Ann. § 47-18-110.

The TCPA provides in pertinent part:

> Any person who suffers an ascertainable loss of money or property, real, personal, or mixed . . . as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages.
>
> . . .
>
> If the court finds that the use or employment of the unfair or deceptive act or practice was a willful or knowing violation of this part, the court may award three (3) times the actual damages sustained and may provide such other relief as it considers necessary and proper.

Tenn. Code Ann. § 47-18-109(a)(1) & (3). The statute of limitations for the Act states:

> Any action commenced pursuant to § 47-18-109 shall be brought within one (1) year from a person's discovery of the unlawful act or practice, but in no event shall an action under § 47-18-109 be brought more than five (5) years after the date of the consumer transaction giving rise to the claim for relief.

Tenn. Code Ann. § 47-18-110.

Allianz argues that the telephone conference in which various "critical representations" were made occurred in March 2003. According to plaintiff, these critical representations resulted in his being "induced" to purchase the variable annuity in April 2003. A few months later, plaintiff realized the "critical representations" were "false" and that he tried for almost a year to withdraw from the annuity contract. Allianz contends that these facts show that plaintiff believed he had suffered a financial injury sometime in 2004 at the

4

latest and probably knew in 2003, a few months after he purchased the Allianz annuity product. However, plaintiff did not file this lawsuit until March 2006.

Plaintiff contends that the statute of limitations period did not begin to run until November/December of 2005 and that his commencement of the case in March 2006 was timely. He contends that it was not until November/December 2005 that he knew there would be damages, because it was at that time Allianz revoked a prior offer to permit plaintiff to withdraw from the contract waiving its surrender penalty. Thus, plaintiff argues, it was only at that time he knew Allianz's actions would result in a loss to him of approximately $124,000.

A cause of action under the TCPA "accrues when the action giving rise to the claim is discovered." *Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 916 (Tenn. Ct. App. 2000). "Under [the discovery] rule, a cause of action accrues when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998) (citations omitted). "While a prerequisite to the running of the statute of limitations is plaintiff's reasonable knowledge of the injury, its cause and origin, a plaintiff is not entitled to delay filing until all injurious effects or consequences of the actionable wrong are actually known." *Wyatt v. A-Best, Co., Inc.*, 910 S.W.2d 851, 855 (Tenn. 1995) (citations omitted).

5

The allegations in the complaint indicate that plaintiff knew or in the exercise of reasonable care and diligence should have known that he sustained a financial injury as a result of Allianz's alleged misrepresentations as early as 2003 but certainly in 2004. According to the complaint, plaintiff knew within a few months of purchasing the annuity that critical representations regarding the purchase were false. This period is the time frame when plaintiff discovered, or should have discovered, his injury, not in November/December 2005 when he realized that his damages would be approximately $124,000. The court agrees with Allianz that the statute of limitations has run on the claim for treble damages under the TCPA.

Accordingly, for the reasons stated herein, Allianz's motion to dismiss will be granted, and plaintiff's claim for treble damages under the TCPA will be dismissed. An order reflecting this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge