IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION


IRA-SEP FOR THE BENEFIT OF              )
STEPHEN C. ELDRIDGE,                    )
                                        )
            Plaintiff,                  )
                                        )
                                        )
v.                                      )        No. 2:06-CV-85
                                        )
                                        )
ALLIANZ LIFE INSURANCE COMPANY          )
OF NORTH AMERICA, *et al.*,             )
                                        )
            Defendants.                 )


## MEMORANDUM OPINION

This civil action is before the court for consideration of "Defendants Walnut Street Securities's and Ira Stitz's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c)" [doc. 37]. Plaintiff has filed a response [doc. 39] and a supplemental response [doc. 40], and defendants have submitted a reply [doc. 43]. Also before the court is "Defendants Walnut Street Securities' and Ira Stitz's Motion for Judgment on the Pleadings Stated in Plaintiff's Third Amended Complaint" [doc. 103]. Plaintiff has filed a response in opposition [doc. 106], and defendants have submitted a reply in further support of their motion [doc. 107].

*Background* [1]

In March 2003, plaintiff had a telephone conference call with defendant Allianz and defendant Ira Stitz regarding purchase of an annuity contract. The complaint asserts that Stitz is an agent of Allianz and Walnut. Plaintiff initially rejected the contract because a significant provision, the "high water mark," i.e. the highest value of the annuity on any of the annuity's annual anniversary dates, was not payable in a lump sum at the end of the contract's initial ten year period but over the following ten years at an interest rate of 2%. Plaintiff offered that if the contract would allow him to invest the "high water mark" in mutual funds earning mutual fund rates he would be interested in purchasing the contract. According to plaintiff, Allianz told him he could do just that, and he purchased the contract effective approximately April 2, 2003.

Paragraph One of the complaint contains the following allegations concerning defendant Stitz:

> Defendant Stitz, an experienced and very successful licensed salesman of these products obviously knew that Allianz's critical representation was false, but Stitz effectively adopted that false representation by then selling to the Plaintiff such an annuity contract without disclosing to Plaintiff the falsity of such representation. Walnut, which is responsible for the supervision of Stitz, is responsible for Stitz's acts under the doctrine of *respondeat superior.*

[1] The facts recited are taken from the third amended and restated complaint [doc. 72].

II.

*Standard of Review*

Defendants' motion is brought pursuant to Federal Rule of Civil Procedure 12(c). Courts analyze Rule 12(c) motions employing the same standard applied to Rule 12(b)(6) motions to dismiss.[2] *See Penny/Ohlmann/Niemann, Inc.v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). "Motions to dismiss under Rule 12(b)(6) are designed to test 'whether a cognizable claim has been pleaded in the complaint.'" *Fed. Express Corp. v. U.S. Postal Serv.*, 40 F. Supp. 2d 943, 947 (W.D.Tenn. 1999) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988)). When reviewing a motion for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations in the complaint as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). A court may dismiss a complaint pursuant to Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

---

[2] If "matters outside the pleadings are presented to and not excluded by the court," a Rule 12(c) motion is generally treated as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(c). However, in this case, nothing outside the pleadings has been submitted. In addition, a Rule 12(c) motion is made after a defendant has filed an answer. *Hunter v. Ohio Veterans Home*, 272 F. Supp.2d 692, 694 (N.D. Ohio 2003); Fed. R. Civ. P. 12(b) & 12(c).

III.

*Analysis*

Walnut and Stitz argue that plaintiff's third amended complaint fails to plead a viable fraud claim against them. To maintain a claim for fraudulent misrepresentation, a plaintiff must demonstrate that:

> 1) the defendant made a representation of an existing or past fact; 2) the representation was false when made; 3) the representation was in regard to a material fact; 4) the false representation was made either knowingly or without belief in its truth or recklessly; 5) plaintiff reasonably relied on the misrepresented material fact; and 6) plaintiff suffered damage as a result of the misrepresentation.

*Ingram v. Cendant Mobility Fin. Corp.*, 215 S.W.3d 367, 371 (Tenn. Ct. App. 2006) (quoting *Metro. Gov't of Nashville & Davidson County v. McKinney*, 852 S.W.2d 233, 237 (Tenn. Ct. App. 1992)).[3]

The court has carefully reviewed the allegations of the third amended complaint in light of the elements required to sustain a cause of action for fraudulent misrepresentation. In the court's opinion, plaintiff has sufficiently stated a claim against Stitz and Walnut to survive the standard of Rule 12(b)(6). While defendants argue in great detail to the contrary, the court believes that at this early juncture, plaintiff has adequately stated a cause of action as to Stitz and Walnut so that this case can proceed beyond its current threshold.

---

[3] Neither party has made any showing that Tennessee law does not apply in this case.

Accordingly, the motions for judgment on the pleadings filed by Stitz and Walnut [docs. 37 & 103] will be denied. Because all the defendants have already filed answers to the third amended complaint [docs. 75 & 87], a Rule 16 scheduling conference will be set in the near future. An order reflecting this opinion will be entered.


ENTER:


_____ s/ Leon Jordan _____
United States District Judge

5